UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRESH & BEST PRODUCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SPINELLO'S EAST COAST EATERY, an unknown entity; MICHAEL SPINELLO, an individual; DOES 1 to 10,<br><br>Defendants. | Case No. 5:16-cv-06984-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 15 |

Plaintiff Fresh & Best Produce, Inc. (Fresh & Best) sues to recover unpaid sums it says it is owed for fruits and vegetables it delivered to defendants Spinello's East Coast Eatery (Eatery) and Michael Spinello (Spinello). Defendants were served with process (Dkt. 9, 10), but failed to answer or otherwise respond to the complaint. At plaintiff's request, the Clerk of the Court entered defendants' default on January 23, 2017. (Dkt. 14).

Plaintiffs now move for default judgment, seeking the unpaid principal balance of $8,057.48, plus prejudgment interest, as well as $1,862.00 in attorney's fees and $620.00 in costs. This court has received no response to the motion.[1] Pursuant to this court's interim order (Dkt.

---

[1] It appears that plaintiff did not serve defendants with notice of the instant motion for entry of judgment. However, a party in default is not entitled to notice under Fed. R. Civ. P. 55(b)(2) unless it has appeared, formally or informally, and demonstrated a clear intent to defend the suit.

19), plaintiff submitted further documents in support of the motion at the motion hearing. Although plaintiff has consented to proceed before a magistrate judge, 28 U.S.C. § 636(c); Fed. R. Civ. P. 73, defendants have never appeared and are in default. Accordingly, this court directs the Clerk of the Court to reassign this action to a district judge, with the following report and recommendation that plaintiff's motion for default judgment be granted.

## BACKGROUND

Fresh & Best brings this action for alleged violation of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499a, et seq. The complaint alleges the following:

Plaintiff is a California corporation, with its principal place of business in San Jose, California, engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter, "produce") in interstate commerce. (Dkt. 1, Complaint ¶ 1). Fresh & Best further states that, at all times relevant to this action, it was a dealer subject to the provisions of PACA, 7 U.S.C. §§ 499a-499t. (Id.). The defendant Eatery is alleged to be a sole proprietorship, with its principal place of business in Los Gatos, California. (Id. ¶ 2). Further, plaintiff alleges that the Eatery was a dealer operating subject to the provisions of PACA. (Id. ¶ 6). Defendant Spinello is said to be the Eatery's owner; and, in that capacity, he allegedly controlled or was in a position to control its assets. (Id. ¶ 3).

According to the complaint, plaintiff began selling and delivering produce (various fruits and vegetables) to the Eatery in or about 2015, and the Eatery reportedly purchased over $100,000 in produce from plaintiff. (Id. ¶ 7). Although the Eatery accepted the produce, it allegedly failed to pay for all of it. (Id. ¶ 9). Fresh & Best claims that as of November 30, 2016, defendants still

---

Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."); In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993) ("While it is true that the failure to provide 55(b)(2) notice, if the notice is required, is a serious procedural irregularity that usually justifies setting aside a default judgment or reversing for the failure to do so, notice is only required where the party has made an appearance.") (quotations and citations omitted); Wilson v. Moore & Assocs., Inc., 564 F.2d 366, 368 (9th Cir. 1977) ("No party in default is entitled to 55(b)(2) notice unless he has 'appeared' in the action."). As will be discussed, although defendants properly were served with notice of this lawsuit, they have never appeared, formally or otherwise, in this action.

2

1 owed a principal balance of $8,057.48, despite numerous requests for payment. (Id. ¶ 10).

This lawsuit followed shortly after. The complaint asserts six claims for relief. Five of those claims are for alleged PACA violations. Claims 1 through 4 are asserted against the Eatery for declaratory relief (i.e., that the Eatery is a PACA trust beneficiary with a valid claim for payment) (7 U.S.C. § 499e(c)(3)); enforcement of payments from PACA trust assets (7 U.S.C. § 499e(c)(5)); failure to maintain PACA trust assets (7 U.S.C. § 499b(4)); and failure to pay promptly (7 U.S.C. § 499b(4)). The fifth claim for relief asserts that the Eatery breached its contracts with Fresh & Best by failing to pay for all of the delivered produce. And, the sixth claim for relief alleges that defendant Spinello breached his fiduciary duty to PACA trust beneficiaries.

**LEGAL STANDARD**

After entry of default, courts may, in their discretion, enter default judgment. Fed. R. Civ. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

**DISCUSSION**

**A. Jurisdiction and Service of Process**

The exercise of subject matter jurisdiction over this matter is proper because the PACA claims raise a federal question, 28 U.S.C. § 1331. The court properly may exercise supplemental jurisdiction over the state law contract claim because it arises out of the same factual allegations as

3

the PACA claims. 28 U.S.C. § 1367(a). Additionally, the court has personal jurisdiction over both defendants. Plaintiff alleges that the Eatery is a sole proprietorship, owned by Spinello, with its principal place of business is in Los Gatos, California. Defendants' commercial activities in California support the exercise of general personal jurisdiction. See generally Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1223-24 (9th Cir. 2011) ("For general jurisdiction to exist, a defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state.") (citations omitted).

Plaintiff properly effected service by personally serving the Summons and Complaint on Spinello and the Eatery (Dkts. 9, 10). See Fed.R.Civ.P. 4(e)(2) (service may be effected "by delivering a copy of the summons and of the complaint to the individual personally" or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process"); Fed. R. Civ. Proc. 4(h)(1)(B) (a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and---if the agent is one authorized by statute and the statute so requires---by also mailing a copy of each to the defendant").

### B. The Eitel Factors

All of the Eitel factors favor entry of default judgment here. Plaintiff essentially seeks to enforce a PACA trust. "PACA protects sellers of perishable agricultural goods by requiring a merchant, dealer, or retailer of perishable produce to hold in trust proceeds from the sale of the perishable produce, and food derived from that produce, for the benefit of all unpaid suppliers." Fresh Packing Corp. v. Guicho, No. 15-cv-01551-LHK, 2016 WL 1365947, at *7 (N.D. Cal., Apr. 6, 2016) (citing 7 U.S.C. § 499e(c)(2); Royal Foods Co. v. RJR Holdings, Inc., 252 F.3d 1102, 1104-05 (9th Cir. 2001)). "PACA provides for the establishment of a statutory trust 'in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer.'" Church Bros. LLC v. Garden of Eden Produce, LLC, No. 5:11-cv-04114 EJD, 2012 WL 1155656 at *3 (N.D. Cal., Apr. 5, 2012) (quoting In re San Joaquin Food

4

Serv., Inc., 958 F.2d 938, 939 (9th Cir.1992)). "'The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received.'" Id. (quoting In re Milton Poulos, Inc., 947 F.2d 1351, 1352 (9th Cir.1991)). A PACA claim requires a plaintiff to show that:

> (1) the commodities sold were perishable agricultural commodities; (2) the purchaser was a commission merchant, dealer, or broker; (3) the transaction occurred in contemplation of interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by including statutory language referencing the trust on their invoices.

Beachside Produce, LLC v. Flemming Enterprises, LLC, No. C06-04957 JW, 2007 WL 1655554 at *2 (N.D. Cal., June 6, 2007) (citing 7 U.S.C. § 499e(c)(3), (4) and 7 C.F.R. § 46.46(c), (f)).

Fresh & Best has sufficiently alleged that defendants violated PACA. According to the complaint's factual allegations, which are deemed true, plaintiff sold perishable agricultural commodities (various fruits and vegetables) to defendants in interstate commerce. (Complaint ¶¶ 7-8). See 7 U.S.C. § 499a(4)(A) (defining the term "perishable agricultural commodity" as "Fresh fruits and fresh vegetables of every kind and character"). The Eatery is alleged to be a PACA dealer that purchased produce from plaintiff. (Id. ¶¶ 6-7). Additionally, plaintiff alleges that, as the Eatery's owner, Spinello controlled or was in a position to control the Eatery's assets. (Id. ¶ 3). And, "'individuals associated with corporate defendants may be liable under a PACA trust theory.'" Fresh Packing Corp., 2016 WL 1365947 at *7 (quoting Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997)). Fresh & Best alleges that it did not receive full payment for all of the produce it delivered to defendants. (Id. ¶¶ 9-10). Finally, PACA "[l]icensees may preserve their trust benefits by giving written notice or by using invoices including certain PACA language." In re Enoch Packing Co., Inc., No. CIV-F-06-0388 AWI, 2007 WL 1589537 at *4 (E.D. Cal., June 1, 2007).[2] Fresh & Best says that, on invoices it sent to the Eatery, it gave written

---

[2] As discussed above, plaintiff says that at all times relevant to this action, it was a dealer subject to the provisions of PACA, 7 U.S.C. §§ 499a-499t, and all PACA dealers are required to be PACA licensees. In re Enoch Packing Co., Inc., 2007 WL 1589537 at *4.

5

notice of its intent to preserve trust benefits by including the requisite statutory language to that effect: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from those commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." (Complaint ¶ 13; Dkt. 15-2, Cho Decl. ¶ 4, Ex. B).

Plaintiff also sufficiently states a claim for breach of contract. Under California law, a claim for breach of contract consists of the following elements: (1) the existence of a contract; (2) plaintiff's performance (or excuse for nonperformance); (3) defendant's breach; and (4) damages. First Commercial Mortgage Co. v. Reece, 89 Cal.App.4th 731, 745, 108 Cal.Rptr.2d 23 (2001). Fresh & Best alleges that it entered into contracts with the Eatery for the purchase of produce; plaintiff delivered the produce; the Eatery accepted the produce, but breached the contracts by failing to pay for each shipment of produce; and plaintiff has incurred damages in the amount of $8,057.48, plus interest, as a result of defendant's nonpayment. (Complaint ¶¶ 35-37).

The amount of money at stake is reasonable and is targeted to defendants' actions, i.e., the failure to pay plaintiff for all of the produce they ordered and received. Because all liability-related allegations are deemed true, there is no possibility of a dispute as to material facts. Moreover, defendants received proper notice of this lawsuit, but have failed to appear or present a defense in this matter. There is no indication that their default was due to excusable neglect. While the court prefers to decide matters on the merits, defendants' failure to participate in this litigation makes that impossible. A default judgment against them is plaintiff's only recourse.

**C.  Damages**

**1.  Principal Unpaid Balance**

Any dealer who violates PACA's provisions "shall be liable to the person or persons injured thereby for the full amount of damages . . . sustained in consequence of such violation." 7 U.S.C. § 499e(a). Additionally, as discussed above, individuals may be held liable under a PACA trust theory. Fresh Packing Corp., 2016 WL 1365947 at *7; Sunkist Growers, Inc., 104 F.3d at

282. Fresh & Best claims that defendants owe the principal sum of $8,057.48. (Complaint ¶ 10). In support of the present motion, plaintiff has submitted the declaration of one of its owners, Chong Suk Cho, along with a statement summarizing outstanding invoices and payments, showing the total amount due per invoice sent and the remaining unpaid balance from April 30, 2015 through September 2, 2016. (Cho Decl. ¶ 3, Ex. A). Cho avers that the statement shows the invoices that remained unpaid as of October 31, 2016. (Id.). And, as discussed above, plaintiff says that the principal balance remained unpaid as of November 30, 2016. Having reviewed the documents, this court finds that the principal amount of $8,057.48 is capable of being ascertained from definite figures. Plaintiff therefore is entitled to an award of the unpaid principal balance of $8,057.48.

### 2. Prejudgment Interest

Plaintiff may also collect prejudgment interest "if supported by a contractual right; otherwise, the court retains discretion to award reasonable prejudgment interest if such an award promotes the interests of PACA claimants." Church Bros., LLC, 2012 WL 1155656 at *3 (citing Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc., 307 F.3d 1220, 1225-26 (9th Cir. 2002)). Fresh & Best seeks interest based on contracts created by invoices sent to defendants. (Complaint ¶¶ 34-37). Here, a sample invoice submitted by plaintiff states, in pertinent part: "Per agreed credit terms a service charge of 1 1/2% per month at the annual percentage rate of 18% will be charged on all accounts not paid within thirty (30) days." (Cho Decl. ¶ 4, Ex. B). At that rate, Fresh & Best says that interest on the outstanding balance accrues at $4.03 per day ($8,057.48 x 0.015/30) and that it is entitled to $580.32 in interest for the 144 days from September 2, 2016 (the apparent date of defendant's last payment) to January 24, 2017 (the day after defendants' default was entered). (Id.). Having reviewed plaintiff's papers, this court concludes that plaintiff is entitled to prejudgment interest of $580.32 through January 24, 2017, plus an additional $362.70 ($4.03 x 90 days) for interest accrued since then, for a total of $943.02 in prejudgment interest.

### 3. Attorney's Fees and Costs

Plaintiff is also entitled to recover its attorney's fees and costs based on the same contract

7

created by the invoices. Church Bros., LLC, 2012 WL 1155656 at *3. Here, the submitted sample invoice states: "Buyer agrees to pay reasonable attorney fees and court costs if collection is necessary." (Cho Decl. ¶ 5, Ex. B). This court finds that language sufficient to support a claim for fees and costs as to the Eatery.[3] Id.; Sequoia Sales, Inc. v. P.Y. Produce, LLC, NO. CV 10-5757 CW (NJV), 2011 WL 3607242 at *8 (N.D. Cal., July 29, 2011).

As to the amount of fees requested: Whether calculating attorney's fees under California or federal law, courts follow the lodestar approach. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), abrogated on other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S. Ct. 1486, 103 L.Ed.2d 866 (1989). "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)). "Generally, the relevant community is the forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997) (citing Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991)). The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. Blum, 465 U.S. at 896 n.11. Additionally, the court can rely on its own knowledge and experience in evaluating a request for fees. Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (agreeing that "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable

---

[3] Because the contract claim is asserted solely against the Eatery, the fees and costs are not assessed as against defendant Spinello. See Chong's Produce, Inc. v. Pushpak Restaurants, Inc., No. 15-cv-04923-BLF, 2017 WL 976040 (N.D. Cal., Mar. 14, 2017) (declining to award fees against the individual defendant where the sole claim against him sounded in tort and in view of the scope of the invoice provision re fees) (citing Casella v. SouthWest Dealer Servs., Inc., 157 Cal. App.4th 1127, 1132 (2007)).

and proper fees.").

Here, plaintiff seeks fees for work performed by its counsel Susan Bishop, who charged her time in this litigation at $380/hour in 2016 and $390/hour in 2017. Her supplemental declaration states that she has been practicing law for over 20 years (with a particular focus on business litigation) and currently is a partner at the Berliner Cohen law firm. (Dkt. 20, Suppl. Bishop Decl. ¶¶ 2-3, 6). Bishop correctly notes that her $380/hour rate has been approved in this district. See, e.g. Chong's Produce, Inc. v. Pushpak Restaurants, Inc., No. 15-cv-04923-BLF, 2017 WL 976040 (N.D. Cal., Mar. 14, 2017); Chong's Produce, Inc. v. Pushpak Restaurants, Inc., No. 15-cv-04923, 2017 WL 990585 (N.D. Cal., Feb. 27, 2017). Additionally, this court (and others) have approved rates up to $400/hour for work performed by attorneys of comparable skill and experience in other PACA cases. See, e.g., Healthy Harvest Berries, Inc. v. Health Am. Fresh Foods, Inc., No. 15-cv-03663-HRL, 2016 WL 8673580 (N.D. Cal., Apr. 22, 2016); see also Tom Ver LLC v. Organic Alliance, Inc., No. 13-cv-03507-LHK, 2015 WL 6957483 at *13 (N.D. Cal. Nov. 11, 2015). Accordingly, this court finds that Bishop's $380 and $390 hourly rates are reasonable.

Additionally, having reviewed Bishop's timesheets, this court finds that the time spent was reasonably incurred and that plaintiff's request for costs is also amply supported by the record. (Dkt. 15-1). Accordingly, plaintiff is entitled to $1,862.00 in attorney's fees and $620.00 in costs as to the defendant Eatery.

**ORDER**

Because not all parties have consented to the undersigned's jurisdiction, IT IS ORDERED THAT this case be reassigned to a District Judge. Further, it is RECOMMENDED that plaintiff's motion for default judgment be granted and that plaintiff be awarded:

- $ 8,057.48 in unpaid principal balance, plus $ 943.02 in prejudgment interest, for a **total of $9,000.50** as to the defendants; and
- an additional $1,862.00 in attorney's fees and $620.00 in costs, for a **total of $2,482.00** as to the defendant Eatery.

Any party may serve and file objections to this Report and Recommendation within

9

fourteen days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civ. L.R. 72-3.

Dated: April 24, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:16-cv-06984-HRL Notice has been electronically mailed to:

Susan E. Bishop     susan.bishop@berliner.com, sabina.hall@berliner.com